UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Bowmar Archery LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**VIP Veteran Innovative Products LLC d/b/a VIP Archery,**<br><br>    **Defendant.** | Case No. 1:22-cv-00346<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271.**<br><br>**Jury Trial Demanded** |

## COMPLAINT

The Plaintiff, Bowmar Archery LLC (hereinafter "Bowmar"), for its Complaint against the Defendant, VIP Veteran Innovative Products LLC d/b/a VIP Archery ("Defendant"), alleges as follows:

### The Parties

1. Plaintiff Bowmar is an Iowa corporation having its principal place of business at 666 Grand Avenue, Des Moines, Iowa. Bowmar is a leader in the development and design of archery technology and products.

2. Defendant Veteran Innovative Products LLC d/b/a VIP Archery is a Texas corporation with a place of business at 114 E. Austin St., Fredericksburg, Texas. Defendant makes, uses, sells and offers for sale broadhead products, including those referred to as entitled "Combat Veteran," "Ranger," and "Commander."

3. Defendant does business on a regular basis in Texas and in this District, including making, using, selling and/or offering for sale its "Combat Veteran," "Ranger," and "Commander" broadheads in Texas and this District that infringe Bowmar's rights.

**Jurisdiction and Venue**

4. This is an action for damages and injunctive relief based on patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and particularly 35 U.S.C. §§ 271 and 281. This Court has subject matter jurisdiction over this complaint pursuant to at last 28 U.S.C. §§ 1331 and 1338(a). Personal jurisdiction over the Defendant is proper in this Court because Defendant resides here, actively and regularly conducts business within the state of Texas, and conducts business in this District through its headquarters located in Fredericksburg, Texas.

5. Venue is proper in this District in accordance with 28 U.SC. §§ 1391(b)-(c) and § 1400(b). Defendant makes, sells and/or offers to sell its infringing "Combat Veteran," "Ranger," and "Commander" in this District from its Fredericksburg headquarters. Defendant has sales, manufacturing, and distribution facilities in this District at its Fredericksburg headquarters.

**Defendant's Infringing Products**

6. Defendant makes, sells, and offers to sell broadheads entitled "Combat Veteran," "Ranger," and "Commander."

7. As set forth herein, Defendant's "Combat Veteran," "Ranger," and "Commander" broadheads (the "Accused Products") infringe Bowmar's patent.

8. Defendant's Accused Products are depicted below and also in Exhibit B.



| **"Combat Veteran" Broadhead** | **"Commander" Broadhead** | **"Ranger" Broadhead** |

## Count 1 - Infringement of U.S. Patent No. 10,295,316

9. Bowmar realleges and incorporates by reference the allegations stated in paragraphs 1-8 of this Complaint as if fully set forth herein.

10. On May 21, 2019, the United States Patent and Trademark Office duly and legally issued United States Patent No. 10,295,316 ("the '316 Patent") entitled "Variable Cutting Diameter Arrowhead."

11. Bowmar is the owner of the '316 Patent, by virtue of the assignment to it of all rights, title and interest to the '316 Patent.  A true and correct copy of the '316 Patent is attached to this Complaint as Exhibit A.

12. Defendant manufactures, uses, offers to sell, sells, and/or imports broadheads, including, but not limited to the Accused Products that directly infringe, either literally or through the doctrine of equivalents one or more claims of the '316 Patent, including at least claim 1.

13.     Exemplary claim 1 of the '316 Patent recites:

1. A variable cutting diameter arrowhead, comprising:

    a ferrule;

    a blade having a cutting portion, a blade pivot aperture, and a deployment extension, wherein the deployment extension includes a locking geometry and an impact geometry;

    a pivot through the blade pivot aperture rotatably coupling the blade to the ferrule;

    a blade spring longitudinally aligned with the ferrule and disposed adjacent to the deployment extension, wherein the locking geometry and the impact geometry are configured to compress the blade spring to different lengths when rotated to interact with the blade spring; and

    a trigger mechanism configured to cause outward rotation of the blade from a stowed position to a deployed position upon actuation of the trigger mechanism,

    wherein the locking geometry is under compression from the blade spring when the blade is rotated in the stowed position,

    wherein the locking geometry biases the blade to resist the outward rotation up to an actuation resistance and allow outward rotation above the actuation resistance,

    wherein the impact geometry is geometrically distinct from the locking geometry,

    wherein the impact geometry is under compression from the blade spring when the blade is rotated in a deployed position,

    wherein after the blade is rotated into the deployed position the impact geometry biases the blade to resist inward rotation of the blade up to a deflection resistance and allow inward rotation above the deflection resistance,

    wherein the actuation resistance is based on a first compressing longitudinal force applied to the locking geometry when the blade spring is aligned with the locking geometry, and

    wherein the deflection resistance is based on a second compressing longitudinal force applied to the impact geometry when the blade spring is aligned with the impact geometry.

14.     An exemplary claim chart cross-referencing the elements of claim 1 with an explanation of exemplary infringing aspects of the Defendant's Accused Products is attached as

Exhibit B and is incorporated by reference herein.

15. As shown in Exhibit B, the Defendant's Accused Products include a variable cutting diameter arrowhead including each and every element of at least claim 1 of the '316 Patent, either literally or through the doctrine of equivalents, including:

> a ferrule;
>
> a blade having a cutting portion, a blade pivot aperture, and a deployment extension, wherein the deployment extension includes a locking geometry and an impact geometry;
>
> a pivot through the blade pivot aperture rotatably coupling the blade to the ferrule;
>
> a blade spring longitudinally aligned with the ferrule and disposed adjacent to the deployment extension, wherein the locking geometry and the impact geometry are configured to compress the blade spring to different lengths when rotated to interact with the blade spring; and
>
> a trigger mechanism configured to cause outward rotation of the blade from a stowed position to a deployed position upon actuation of the trigger mechanism,
>
> wherein the locking geometry is under compression from the blade spring when the blade is rotated in the stowed position,
>
> wherein the locking geometry biases the blade to resist the outward rotation up to an actuation resistance and allow outward rotation above the actuation resistance,
>
> wherein the impact geometry is geometrically distinct from the locking geometry,
>
> wherein the impact geometry is under compression from the blade spring when the blade is rotated in a deployed position,
>
> wherein after the blade is rotated into the deployed position the impact geometry biases the blade to resist inward rotation of the blade up to a deflection resistance and allow inward rotation above the deflection resistance,
>
> wherein the actuation resistance is based on a first compressing longitudinal force applied to the locking geometry when the blade spring is aligned with the locking geometry, and

wherein the deflection resistance is based on a second compressing longitudinal force applied to the impact geometry when the blade spring is aligned with the impact geometry.

16.  Defendant's acts of infringement have been without express or implied license by Bowmar, are in violation of Bowmar's rights, and will continue unless enjoined by this Court.

17.  On information and belief, Defendant's acts of infringement have been willful. Defendant had actual knowledge of the '316 Patent at least as early as March 14, 2022. Defendant has continued its infringement with knowledge of the '316 Patent and in willful disregard of the '316 Patent and the rights created thereunder.

18.  Bowmar has been and will continue to be irreparably harmed by Defendant's infringement of the '316 Patent.

## Jury Demand

Bowmar demands a jury trial on all issues so triable.

## Prayer For Relief

**WHEREFORE**, Plaintiff Bowmar respectfully prays that:

A.  Pursuant to 35 U.S.C. § 271, this Court enter judgment that Defendant has been and is currently infringing the '316 Patent.

B.  This Court Order that Defendant and each of its officers, agents, servants, employees, assigns and successors in interest, those persons in active concert of participation with it who receive notice of the injunction, and others acting on its behalf, be permanently enjoined from infringing the '316 Patent, including through making, selling or offering for sale the infringing products or importing the infringing products or engaging in infringing activities;

C.  This Court Order that Defendant provide an accounting to determine the damages suffered by Bowmar as a result of Defendant's acts of patent infringement, such damages including no less than a reasonable royalty;

D.  This Court Order that Defendant pay Bowmar the amount of damages that Bowmar has sustained as a result of Defendant's acts of patent infringement, and that such damages be trebled under 35 U.S.C. §2 84 as a result of any willful infringement of Bowmar's '316 Patent;

E.  This be declared an exceptional case under 35 U.S.C. § 285, and Bowmar be awarded its attorneys' fees;

J.  This Court Order that Defendant pay Bowmar an award of pre-judgment interest, post-judgment interest, and costs of the suit; and

K.  Bowmar be granted such other further relief as the Court may deem proper and just.


Dated: April 11, 2021                    Respectfully submitted,


                                         By: /s/ Katie L. Becker

                                         Jason S. Shull (pro hac vice application forthcoming)
                                         Illinois Bar No. 6273435
                                         jshull@bannerwitcoff.com
                                         Katie L. Becker (admitted in the Western District of Texas)
                                         Illinois Bar No. 6292366
                                         kbecker@bannerwitcoff.com
                                         Banner Witcoff
                                         71 South Wacker Drive, Suite 3600
                                         Chicago, IL 60606
                                         Telephone: (312) 463-5000

Facsimile: (312) 463-5001

**ATTORNEYS FOR PLAINTIFF BOWMAR ARCHERY**