# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| BOWMAR ARCHERY LLC, §<br>　　　*Plaintiff* §<br>　　　§<br>v. §<br>　　　§<br>VIP VETERAN INNOVATIVE §<br>PRODUCTS LLC d/b/a §<br>VIP ARCHERY, §<br>　　　*Defendant* § | CIVIL NO. 1:22-CV-00346-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
　　　UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss, filed May 31, 2022 (Dkt. 7); Plaintiff's Opposition to Defendant's Motion to Dismiss, filed June 14, 2022 (Dkt. 8); and Defendant's Reply in Support of Motion to Dismiss, filed June 21, 2022 (Dkt. 9). By Text Order entered October 17, 2022, the District Court referred Defendant's Motion to Dismiss to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.   Background

Plaintiff Bowmar Archery LLC, based in Des Moines, Iowa, develops and designs archery technology and products. Dkt. 1 (Complaint) ¶ 1. Defendant VIP Veteran Innovative Products LLC d/b/a VIP Archery, based in Fredericksburg, Texas, makes and sells broadhead arrowheads. *Id.* ¶ 2. Bowmar alleges that three of VIP's arrowheads – the "Combat Veteran," "Commander," and "Ranger" – infringe Bowmar's U.S. Patent No. 10,295,316, entitled "Variable Cutting Diameter Arrowhead" ("'316 Patent").

Bowmar now moves to dismiss VIP's claims for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). VIP opposes the motion.

## II. Legal Standards

In patent cases, issues that are unique to patent law are governed by Federal Circuit precedent. *See Woods v. DeAngelo Marine Exhaust Sys., Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012). But because motions to dismiss under Rule 12(b)(6) raise purely procedural issues, courts apply the law of the regional circuit – here, the Fifth Circuit – when deciding whether such a motion should be granted. *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1347 (Fed. Cir. 2016).

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up).

In *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the Federal Circuit embraced a flexible pleading standard for direct infringement, inquiring "whether the factual allegations in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." The court explained that:

> The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device.
>
> Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim.

*Id.* at 1353; *see also Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, --- F. Supp. 3d ----, No. 6:21-CV-00677-ADA, 2022 WL 2019296, at *2 (W.D. Tex. June 6, 2022) (quoting *Bot M8*, 4 F.4th at 1353). Before *Bot M8*, the Federal Circuit held that a complaint sufficiently pled direct infringement of claims directed to a spinal brace, "a simple technology," where it "specifically identified the three accused products—by name and by attaching photos of the product packaging as exhibits—and alleged that the accused products meet 'each and every element of at least one claim.'" *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). Although *Bot M8* and *Disc Disease* were decided under the laws of the Ninth and Eleventh Circuits, respectively, "the Fifth Circuit's pleading standards are not materially distinct. These opinions, then, supply welcome guidance regarding pleading requirements for direct infringement." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, No. W-21-CV-00819-ADA, --- F. Supp. 3d ----, 2022 WL 2479930, at *3 (W.D. Tex. July 6, 2022).

An element-by-element pleading of fact for each asserted patent claim is not required, *Sesaco Corp. v. Equinom Ltd.*, No. 1:20-CV-1053-LY, 2022 WL 1546642, at *1 (W.D. Tex. Mar. 11,

2022), but: "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *Encoditech, LLC v. Citizen Watch Co. of Am., Inc.*, No. SA-18-CV-1335-XR, 2019 WL 2601347, at *3 (W.D. Tex. June 25, 2019). Under any standard, "the complaint must support is entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Michron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.   Defendant's Motion to Dismiss

Bowmar alleges that VIP's Combat Veteran, Commander, and Ranger broadheads "directly infringe, either literally or through the doctrine of equivalents one or more claims of the '316 Patent, including at least claim 1." Dkt. 1 ¶ 12. Claim 1 of the '316 Patent comprises, *inter alia*, "a trigger mechanism configured to cause outward rotation of the blade from a stowed position to a deployed position upon actuation of the trigger mechanism, wherein the locking geometry is under compression from the blade spring when the blade is rotated in the stowed position." Dkt. 1-1 at 15.

Bowmar attached a copy of the '316 Patent to its Complaint. Dkt. 1-1. Bowmar also attached an 18-page "Exemplary Infringement Claims Charts for the '316 Patent," comparing example photos and descriptions of VIP's products with Claim 1, beginning as follows:



Dkt. 1-2. Bowmar argues that, through these detailed descriptions, it has "not only met, but far exceeded the pleading standards for asserting its direct infringement claims under 35 U.S.C. § 271(a)," as well as the *Disc Disease* and *Bot M8* standards. Dkt. 8 at 1.

VIP, however, contends that Bowmar has failed to state supporting facts describing how most of the identified elements of its accused arrowheads meet the structural claim limitations or functions required by the claim limitations.

> For example, Claim 1 requires "a trigger mechanism configured to cause outward rotation of the blade from a stowed position to a deployed position under actuation of the trigger mechanism" and "wherein the locking geometry is under compression form the blade spring when the blade is rotated in the stowed position." Plaintiff's only allegation concerning these claim limitations are *"the [accused product] has"* the limitations, combined with an annotated photo only purporting to identify basic structural components of the accused product such as a trigger mechanism. Plaintiff provides no factual allegations that the identified structural components function as a trigger mechanism or how the structure causes outward rotation of the blade. Also, notably absent from Plaintiff's allegations is any explanation or mention regarding the blades of the accused product rotating to a stowed position.

Dkt. 7 at 3-4 (citations omitted). VIP further argues that although each independent claim in the '316 Patent, including Claim 1, requires the blade of the broadhead to rotate into or out of a "stowed position":

5

> It is immediately and obviously apparent from a cursory inspection of Defendant's products that the blades cannot, and do not, "stow" as required by the '316 patent. The photographs of Defendant's Products included in Plaintiff's Complaint show the blades of each accused product in the non-deployed position where they cannot rotate any further towards the ferrule.

*Id.* at 5. Because its broadheads lack a stowed position, VIP contends, Bowmar cannot state a plausible claim for infringement.

Bowmar responds that the meaning of the term "stowed" is a claim construction argument, "which is entirely inappropriate at the pleading stage." Dkt. 8 at 6. In any event, Bowmar asserts, the specification "does not require that the blade be fully stowed or fully enclosed in the ferrule"; rather, per the specification, "at least a portion" of the blades "can nest at least partially" in blade recesses. *Id.* at 7 (quoting '316 Patent, col. 6, ll. 54-58, Dkt. 1-1 at 11). Bowmar further argues that "VIP's accused products meet the 'stowed' limitation, as at least a portion of the blade is nested at least partially in a blade recess / ferrule." *Id.*

Bowmar's assertion that VIP's broadheads meet the "stowed" limitation is not apparent from the photos it submitted with its Complaint, and Bowmar does not allege in its claims chart that VIP's products have a blade recess, or that any portion of their blades nest even partially in a recess. Thus, Bowmar's Complaint includes no factual content supporting its allegation that VIP's broadheads meet this claim limitation and allowing the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. While the technology involved in the accused products does not appear to be highly complex, the Court agrees with VIP that a stowed position is material to practicing the asserted Claim 1 of the '316 Patent. *See Bot M8*, 4 F.4th at 1353 (holding that the level of detail required to meet plaintiff's pleading obligation varies in part on "the materiality of any given element to practicing the asserted claim(s)").

For these reasons, accepting as true the allegations in Bowmar's Complaint and construing the facts favorably to Bowmar, the Court finds that Bowmar has failed to state sufficient factual allegations to "articulate why it is plausible that the accused product infringes the patent claim." *Id.* Accordingly, the undersigned Magistrate Judge recommends that the District Court grant VIP's motion to dismiss for failure to state a claim.

The Court further recommends that the District Court deny VIP's conclusory request to find this case exceptional pursuant to 35 U.S.C. § 285. Dkt. 7 at 6; Dkt. 9 at 4.

### IV.  Plaintiff's Request for Leave to Amend

In the alternative, should the Court grant VIP's motion to dismiss, Bowmar requests leave to file an amended complaint. Dkt. 8 at 5 n.1. Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

Bowmar has neither submitted a proposed amended complaint nor described any additional facts it would plead to cure the defects in its Complaint. On the facts presented here, without a proposed amended complaint, the Court cannot assess whether amendment is warranted or, as VIP argues, futile. *See Edionwe v. Bailey*, 860 F.3d 287, 294 (5th Cir. 2017) (holding that leave to amend is not required where movant fails to apprise court of facts it would plead in amended complaint to cure any deficiencies); *see also* Local Rule CV-7(b) (requiring that an executed copy of a proposed pleading be filed as an exhibit to a motion for leave). The Court therefore recommends that Bowmar's request for leave to amend be denied without prejudice.

## V. Recommendation

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss (Dkt. 7) and **DISMISS** Plaintiff's claims without prejudice to refiling.

The Court further **RECOMMENDS** that the District Court **DENY** Plaintiff's request for leave to amend without prejudice to refiling (Dkt. 8 at 5 n.1).

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## VI. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on January 3, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE