# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| BOWMAR ARCHERY LLC,<br>*Plaintiff*<br><br>v.<br><br>VIP VETERAN INNOVATIVE<br>PRODUCTS LLC d/b/a<br>VIP ARCHERY,<br>*Defendant* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 1:22-CV-00346-RP |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Bowmar Archery LLC's Opposed Motion for Leave to File its First Amended Complaint, filed January 9, 2023 (Dkt. 24); VIP's Response in Opposition to Bowmar's Motion for Leave to File its First Amended Complaint, filed January 17, 2023 (Dkt. 26); and Bowmar's Reply, filed January 20, 2023 (Dkt. 28).[1]

### I.   Background

Bowmar develops and designs archery technology and products. Dkt. 1 (Original Complaint) ¶ 1. Defendant VIP Veteran Innovative Products LLC d/b/a VIP Archery makes and sells broadhead arrowheads. *Id.* ¶ 2. Bowmar alleges that three of VIP's arrowheads – the "Combat Veteran," "Commander," and "Ranger" – infringe Bowmar's U.S. Patent No. 10,295,316, entitled "Variable Cutting Diameter Arrowhead" ("'316 Patent"). The District Court dismissed VIP's claims without prejudice on January 18, 2023, adopting a report and recommendation in which

---

[1] The District Court referred the Motion to this Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Dkt. 27.

this Magistrate Judge found Bowmar failed to state sufficient factual allegations to articulate why it is plausible that the accused products infringe the '316 Patent. Dkts. 23, 27. Bowmar now seeks leave to file an amended complaint asserting additional facts. VIP opposes the motion.

## II.  Legal Standards

Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Courts should deny leave to amend when amendment would cause undue delay or undue prejudice to the opposing party, or the amendment would be futile or in bad faith. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Amendment is futile when an amended complaint would still fail to survive a Rule 12(b)(6) motion. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). To state a claim for direct patent infringement, "a plaintiff need only allege facts giving rise to a plausible inference and fair notice of infringement by identifying the accused products and alleging that the accused products meet each and every element of at least one claim of the asserted patents." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 905 (W.D. Tex. 2022) (cleaned up).

## III.  Analysis

In its proposed First Amended Complaint, Bowmar alleges that VIP's Combat Veteran, Commander, and Ranger broadheads "directly infringe, either literally or through the doctrine of equivalents one or more claims of the '316 Patent, including at least claim 1." Dkt. 24-1 ¶ 12. Claim 1 of the '316 Patent comprises, *inter alia*, "a trigger mechanism configured to cause outward rotation of the blade from a stowed position to a deployed position upon actuation of the trigger mechanism, wherein the locking geometry is under compression from the blade spring when the blade is rotated in the stowed position." *Id.* at 24. VIP contends that because its broadheads lack a stowed position, Bowmar cannot state a plausible claim for infringement, rendering amendment futile and thus in bad faith.

In making the recommendation to grant VIP's Motion to Dismiss, the Court found that a stowed position is material to practicing the asserted Claim 1 of the '316 Patent. The Court also found that Bowmar did not allege that VIP's products have a blade recess, or that any portion of their blades nest even partially in a recess. Dkt. 23 at 6. Therefore, the Original Complaint included no factual content supporting Bowmar's allegation that VIP's broadheads meet this claim limitation that would allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Bowmar's First Amended Complaint (Dkt. 24-1) is identical to its Original Complaint. The only changes are additions to the "Exemplary Infringement Claims Charts for the '316 Patent" filed with both complaints, comparing example photos and descriptions of VIP's products with Claim 1. Bowmar proposes amending the claim chart to add facts (1) "regarding how the Accused Products meet the 'stowed' limitation based on Bowmar's interpretation of the claim term," and (2) "demonstrating that VIP's broadheads have a blade recess and that at least a portion of the blades nest partially in the recess." Dkt. 28 at 3-4. The new material includes:




3



Dkt. 24-1 at 31-32, 45.

At the pleading stage of a proceeding, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). The Court finds that the factual allegations in Bowmar's First Amended Complaint and the documents attached to the complaint, "when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). Therefore, amendment would not be futile.

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Plaintiff Bowmar Archery LLC's Opposed Motion for Leave to File its First Amended Complaint (Dkt. 24).

**IT IS ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

## V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on March 16, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE